IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONY WAYNE PRITCHETT                                                                   PLAINTIFF

v.                                            Case No. 4:19-cv-4084

SERGEANT B. GRIFFIE, Miller County
Detention Center ("MCDC"); CORPORAL
B. SMITH, MCDC; SERGEANT D. ROGERS,
MCDC; NURSE S. KING, MCDC; NURSE
CHELSEY, MCDC; and NURSE CATHERINE, MCDC                      DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed April 16, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 30). Judge Bryant recommends that Defendants Foster, King, and Adams' Motion for Summary Judgment (ECF No. 19) be granted in part and denied in part.[1] Specifically, Judge Bryant recommends that Plaintiff's official capacity claims be dismissed and that his individual capacity claims remain for further consideration. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 32). The Court finds this matter ripe for consideration.

This is a civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff alleges that his constitutional rights were violated when Defendants Foster, King, and Adams denied him access to necessary medical treatment. Defendants Foster, King, and Adams have moved for summary judgment on Plaintiff's claims against them, and Judge Bryant subsequently issued the instant Report and Recommendation. Plaintiff objects to the recommendation that his individual capacity claims be dismissed. However, as noted above, Judge Bryant only recommends dismissing

---

[1] Defendant Foster is identified as "Nurse Chelsey" in the case caption. Likewise, Defendant Adams is identified as "Nurse Catherine."

Plaintiff's official capacity claims. Plaintiff, a *pro se* litigant, is entitled to liberal construction of his objections. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Therefore, the Court construes Plaintiff's objections as relating to his official capacity claims and will conduct a *de novo* review regarding those claims.

Judge Bryant recommends that the Court dismiss Plaintiff's official capacity claims against Defendants Foster, King, and Adams because Plaintiff has failed to produce evidence of any policy or custom of Southern Health Partners, Inc. that contributed to the alleged violation of his constitutional rights. When a government contracts with a third-party to fulfill a constitutional duty—such as providing medical care—official capacity claims against the third-party's employees are treated as claims against the third-party itself. *See Cannady v. Cradduck*, 2016 WL 4432704, at *1-2 (W.D. Ark. Aug. 18, 2016) (finding that official capacity claims against employees of a third-party medical provider are treated as claims against the company). Thus, Plaintiff's official capacity claims against Defendants King, Foster, and Adams are claims against their employer, Southern Health Partners, Inc.[2] To sustain an official-capacity claim against such an entity a plaintiff "must show that there was a policy, custom, or official action [of Southern Health Partners, Inc.] that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (involving a section 1983 claim against a prison medical provider).

Upon *de novo* review of the summary judgment record, the Court agrees with Judge Bryant. Plaintiff has failed to produce evidence of any policy or custom of Southern Health Partners, Inc. that contributed to the alleged violation of his constitutional rights. Therefore, Plaintiff's official capacity claims against Defendants Foster, King, and Adams should be dismissed. The Court has

---

[2] MCDC contracted with Southern Health Partners, Inc. to provide healthcare services to the inmates housed there.

conducted a *de novo* review of the remainder of the Report and Recommendation and finds no reason warranting a departure from Judge Bryant's recommendations.

For the above-stated reasons, and upon *de novo* review, the Court adopts the Report and Recommendation (ECF No. 30) *in toto*. Accordingly, the Court finds that Defendants Foster, King and Adams' Motion for Summary Judgment (ECF No. 19) should be and hereby is **GRANTED in part and DENIED in part**. Plaintiff's official capacity claims against Defendants Foster, King, and Adams are **DISMISSED WITH PREJUDICE**. Plaintiff's individual capacity claims against Defendants Foster, King, and Adams remain for further consideration.

**IT IS SO ORDERED**, this 7th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge