IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONY WAYNE PRITCHETT                                                                                    PLAINTIFF

v.                                         Case No. 4:19-cv-04084

SERGEANT B. GRIFFIE,
Miller County Detention Center ("MCDC");
CORPORAL B. SMITH, MCDC;
SERGEANT D. ROGERS, MCDC;
NURSE S. KING, MCDC;
NURSE CHELSEY, MCDC;
and NURSE CATHERINE, MCDC                                                                   DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed May 27th, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 39. Judge Bryant recommends that Separate Defendants' Motion for Summary Judgment[1] (ECF No. 24) be denied in part and granted in part. Separate Defendants have responded with objections. ECF No. 40. The Court finds the matter ripe for consideration.

Plaintiff, representing himself, filed a complaint against Defendants, alleging violations of his civil rights while incarcerated in the Miller County Detention Center ("MCDC"). ECF No. 1. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his 8th Amendment right to be free from cruel and unusual punishment by deliberately disregarding his serious medical condition. Plaintiff's complaint is against Defendants in their individual and official capacities. Separate Defendants have filed a Motion for Summary Judgment on all claims. ECF No. 24.

---

[1] The summary judgment motion was filed by Defendants Griffie, Smith, and Rogers. Throughout this Order, the Court will collectively refer to these Defendants as "Separate Defendants."

## I. Deliberate Indifference

Judge Bryant recommends that the summary judgment motion be denied as to the individual-capacity claims against Separate Defendants. ECF No. 39, p. 21. Judge Bryant does so because Plaintiff has presented material facts regarding his treatment at MCDC that could lead a reasonable fact finder to conclude that Separate Defendants disregarded his medical condition in a manner that violates the 8th Amendment. *Id.* at p. 15-19. Separate Defendants object and argue that Plaintiff's deliberate indifference claims should fail because they never perceived a medical emergency and did not deny medical care. Separate Defendants further argue that Plaintiff failed to provide evidence that their actions had a detrimental impact on him. ECF No. 40, p. 4-8.

The Constitutional protection against cruel and unusual punishment acts to protect a prisoner from "deliberate indifference" of serious medical issues by those who have custody over them. *See Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012) (citation omitted). For such a violation to occur, a prisoner must have an objectively serious medical need, and the officials in charge of the prisoner must know and deliberately disregard that need. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted). A serious medical need is one determined by medical personnel to require treatment or one so obvious that a layperson would understand the need for medical assistance, rendering verifying medical documentation unnecessary. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To help determine if the official deliberately disregarded the medical issue, a court should look to the information the official had at the time, the practical limitations of their position, and what other courses of action would be apparent to someone in their position. *See Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015).

Judge Bryant begins his analysis of the individual-capacity claims by noting that there is no dispute that Plaintiff's medical condition was objectively serious and that Separate Defendants'

conduct is the only element uncertain for a civil rights violation. ECF No. 39, p. 16. Judge Bryant notes that Separate Defendants admit that they were aware of Plaintiff's mouth and dental injuries. *Id.* at 17. Judge Bryant then accounts for the ways in which Plaintiff attempted to get treatment for his issue and the relevant precedent for what course of conduct by officials would indicate deliberate disregard for medical issues. *Id.* at 17-18. Judge Bryant then concludes that Separate Defendants' summary judgment motion should be denied because there are disputed questions of material fact as to whether Separate Defendants deliberately disregarded Plaintiff's serious medical issue. *Id.* at 18.

Separate Defendants object to Judge Bryant's recommendation and argue that their motion should be granted because he misunderstands the material facts regarding their alleged deliberate indifference. ECF No. 40, p. 4. They support their objection by arguing that they did not perceive a medical emergency, they never interfered with Plaintiff's medical treatment, and that Plaintiff failed to provide medical evidence that their delay created any detrimental impact. ECF. No 40, p. 4-8.

Regarding their knowledge of the medical issue, Judge Bryant notes that Separate Defendants do not deny the issue was serious and he cites the factual record to show evidence that they could have been aware of Plaintiff's injury. ECF No. 39, p. 15-19. The Court does not share Separate Defendants' concern that any prisoner can determine their own emergency under Judge Bryant's reasoning because there is no dispute that Plaintiff had a serious medical issue. As to the argument that Separate Defendants never interfered with Plaintiff's medical treatment, the Court finds that Judge Bryant reasonably concludes from the facts that it is possible that Separate Defendants never arranged for Plaintiff to get the treatment obviously appropriate under the circumstances. *Id.* at p. 15-20. The Court is also not convinced by Separate Defendants' argument

that there is no evidence of detrimental impact because Plaintiff's dental imaging from 2019 provides evidence of a debilitating medical issue that created great detriment with treatment delayed. *See id.* at p. 8. Accordingly, the Court does not find that Defendants' objections are strong enough to undermine Judge Bryant's recommendation that their motion be denied regarding potential liability in their individual capacities.

## II. Qualified Immunity

Qualified immunity protects government officials from civil liability for discretionary actions unless a reasonable person would know their conduct violates clearly established statutory or constitutional rights. *See Luckert*, 684 F.3d at 817.

Because Judge Bryant determined that there is evidence of a potential violation of the right to medical care while in custody, he focuses on whether that right was clearly established during the conduct at issue. ECF No. 39, p. 20. Judge Bryant concludes that it is clearly established that a prisoner with obvious signs of a serious medical issues who also informs officials of that issue has a right to medical treatment without delay. *Id.* He supports this with cites to precedent that found this right violated in situations involving dental distress and injuries. *Id.* at 20-21 (citing *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004)); *Moore v. Jackson*, 123 F.3d 1082, 1085-89 (8th Cir. 1997). Accordingly, Judge Bryant finds that Separate Defendants cannot claim qualified immunity and that their motion regarding this issue be denied. The Court agrees with Judge Bryant's reasoning on this issue and adopts his recommendation to deny Separate Defendants' motion regarding qualified immunity.

## III. Official-Capacity Claims

Government officials can be sued pursuant to § 1983 in their individual capacities, their official capacities, or both. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). An official-

capacity claim is functionally a suit against the entity an individual works for and requires "proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." See *id.*

Judge Bryant recommends that Plaintiff's claims against Separate Defendants in their official capacities fail because Plaintiff never alleges any facts that Miller County as a municipality has policies in place that facilitated the alleged violation. ECF No. 39, p. 21-22. After rehashing the requirements for pursuing such a claim, Judge Bryant concludes that Plaintiff never puts forth any of the necessary assertions about how the customs or policies of Miller County itself violated his rights. *Id.* at p. 21-22. He then concludes that Separate Defendants' motion should be granted for this claim. *Id.* at p. 22. The Court finds Judge Bryant's reasoning compelling and adopts his recommendation to grant Separate Defendants' summary judgment motion regarding Plaintiff's claims against Separate Defendants in their official capacities.

### IV. Conclusion

Based on its de novo review, the Court overrules Separate Defendants' objections and adopts Judge Bryant's Report and Recommendations *in toto*. ECF No. 39. Accordingly, Separate Defendants' Motion for Summary Judgment (ECF No. 24) is DENIED as to Plaintiff's deliberate indifference claims against them in their individual capacity, and these claims remain for trial. Separate Defendants' Motion for Summary Judgement is GRANTED as to all official-capacity claims, and these claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of October, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge